| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CIVIL MINUTES - GENERAL**

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 490377

**CASE NO.:** <u>CV 12-09884 SJO (Ex)</u>                **DATE:** <u>January 1, 2013</u>

**TITLE:**       <u>Skechers U.S.A., Inc. v. Hartford Insurance Company of the Midwest, et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                            Not Present
Courtroom Clerk                                            Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**           **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                                Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES** [Docket No. 7]**; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** [Docket No. 27]

This matter is before the Court on Plaintiff Skechers U.S.A., Inc's ("Plaintiff") Motion to Remand and for Attorney's Fees ("Motion"), filed on November 26, 2012. Defendant Hartford Insurance Company of the Midwest ("Defendant") filed an Opposition on December 3, 2012. Plaintiff filed its Reply on December 10, 2012. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for December 24, 2012. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.      <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff is a Delaware corporation with its principal place of business in California. (Notice of Removal ("Notice") ¶ 11.) Defendant is an Indiana corporation with its principal place of business in Indiana. (Notice ¶ 12.) Defendant issued an insurance policy (the "Policy") to Plaintiff that provided third-party liability insurance and required Defendant to indemnify Plaintiff in any suit alleging "advertising injury," which included "misappropriation of advertising ideas." (Notice Ex. 1 ("Compl.") ¶ 4.) The Policy had a limit of $1 million per occurrence and a general aggregate of $2 million for each policy term. (Mot. to Dismiss 3, ECF No. 4.) Plaintiff was sued for infringement in the matter of *Cancaribe Ltd. v. Cobra Int'l Inc.*, No. CV 07-04182 (C.D. Cal. Sept. 20, 2012) (the "Cobra Action"). (Req. for Judicial Notice ("RJN"), Ex. 2, ECF No. 5.) That matter resulted in a settlement, for which Plaintiff sought indemnification from Defendant on May 26, 2011. (Compl. ¶ 6.) On June 2, 2011, Defendant acknowledged Plaintiff's request for indemnification, but did not take any position whether the request would be granted. (Compl. ¶ 7.) Plaintiff sent a subsequent letter on February 1, 2012, demanding insurance coverage. (Compl. ¶ 8.) Defendant again acknowledged Plaintiff's request, but again did not take a position whether the request would be granted. (Compl. ¶ 9.) Plaintiff sent a final letter to Defendant on May 18, 2012, again demanding coverage and providing the information necessary to receive indemnification. (Compl. ¶ 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 12-09884 SJO (Ex)</u>     DATE: <u>January 1, 2013</u>

On August 16, 2012 Plaintiff filed the instant action in Los Angeles County Superior Court asserting the following causes of action: (1) breach of contract; and (2) tortious breach of contract. The Complaint did not allege any amount in controversy, but sought compensatory and punitive damages. (*See generally* Compl.)

On September 18, 2012, Defendant propounded written discovery to Plaintiff, including Form Interrogatories and Special Interrogatories. (Opp'n 2, ECF No. 17.) Defendant received Plaintiff's responses on November 16, 2012, which indicated Plaintiff was seeking over $1.52 million in contract benefits and at least $26,000 in non-contractual damages. (Opp'n 2.) Hartford filed its Notice of Removal on November 19, 2012. Plaintiff filed its Motion to Remand on November 26, 2012.

II.     <u>DISCUSSION</u>

Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). There are two traditional bases for original federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction where the matter in controversy exceeds $75,000, and there is complete diversity between the parties. 28 U.S.C. § 1332. The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

   A.     <u>Timeliness of Removal</u>

The issue before the Court is whether this action was removed in a timely manner. Under 28 U.S.C. § 1446(b), a defendant must remove an action either (1) "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or (2) if the case is not initially removable, "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Failure to comply with § 1446(b) results in a removal defect, for which an action may be remanded to state court. *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

Plaintiff contends that remand is appropriate because Defendant failed to remove the present action for more than three months after Defendant received notice of the action even though Defendant knew the amount in controversy exceeded the $75,000 jurisdictional minimum. (Mot. 4.) In response, Defendant avers that because the amount in controversy was not apparent on

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 12-09884 SJO (Ex)</u>            DATE:  <u>January 1, 2013</u>

the face of the Complaint, Defendant properly removed the case after it received Plaintiff's discovery responses that verified the amount in controversy exceeded $75,000. (Opp'n 3.)

      1.      <u>Legal Standard</u>

In *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005), the Ninth Circuit addressed whether a court may look beyond the four corners of the complaint to determine whether the § 1446(b) thirty-day time limit should begin upon receipt of the initial pleadings. *Id.* at 694. In determining that the thirty day time limit did not begin upon receipt of the complaint when the citizenship of the parties was not apparent on its face, the court stated:

> If no ground for removal is evident in [the initial] pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order, or other paper" from which it can be ascertained from the face of the document that removal is proper.

*Id.* The court further reasoned that "objective analysis of the pleadings brings certainty and predictability to the process [of removal] and avoids gamesmanship in pleading," and it also prevents "collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Id.* at 697.

There is a split in authority as to whether the Ninth Circuit intended the holding in *Harris* to extend to cases in which the amount in controversy is not apparent on the face of the initial pleadings. *Compare Banta v. Am. Med. Response Inc.*, No. CV 11-03586, 2011 WL 2837642, at *7-8 (C.D. Cal. Jul. 15, 2011) (holding that a court must look beyond the complaint to determine whether the defendant was on notice that the amount in controversy exceeds $75,000), *with B.C. v. Blue Cross of Cal.*, No. CV 11-08961, 2012 WL 12782, at *4 (C.D. Cal. Jan. 3, 2012) (rejecting the defendant's subjective knowledge as a test for notice, and explaining that a defendant does not have a "duty to make further inquiry" into the amount in controversy).

While *Harris* does not make a distinction between diversity of citizenship and amount in controversy, it is best read in conjunction with its prior decision in *Gaus*. Under *Gaus*, a defendant may remove a state law claim to federal court even though the complaint is indefinite on its face as to the amount in controversy. 980 F.2d at 566-67 ("If it is unclear what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."); *see also Singer v. State Farm Mut. Auto. Ins. Co.*,116 F.3d 373, 376 (9th Cir. 1997) ("Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $50,000."). Further, the court in *Banta* reasoned that "[i]f a defendant may, but is not required to remove a case where the amount in controversy is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 12-09884 SJO (Ex)</u>  DATE: <u>January 1, 2013</u>

explicitly stated in the removed complaint, that party has a decided advantage." *Banta*, 2011 WL 2837642, at *6.  The Court finds this reasoning persuasive.

Allowing a defendant the option of delayed removal would be inconsistent with the policies associated with removal jurisdiction.  First, as previously noted, courts must "strictly construe the removal statute against removal jurisdiction."  *Gaus*, 980 F.2d at 566.  This objective is not achieved by allowing an indefinite time frame for removal.  *See Banta*, 2011 WL 2837642, at *6; *Kohan Prods. Ltd. v. Comerica Bank*, No. CV 10-0034, 2010 WL 956402, at *4 (C.D. Cal. Mar. 11, 2010) (asserting that the conclusion that § 1446(b) imposes no definite time frame for removal is "unacceptable.").  Second, if the court applies the holding in *Harris* to cases in which the amount in controversy is not apparent on the face of the complaint, the court would promote gamesmanship by permitting defendants who plainly know the amount in controversy to delay removal until the plaintiff provides written notice of its damages.  Third, there is a judicial interest in "resolving the situs of the litigation at the earliest possible time."  *Banta*, 2011 WL 2837642, at *6 (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 759 (11th Cir. 2010)).  This objective cannot be achieved by permitting the defendant to remove well into the litigation.

The Court finds that these policy reasons, coupled with the fact that the court in *Harris* did not address the holding in *Gaus*, supports the conclusion that "if a defendant **may** remove the case to federal court within 30 days of receipt of the pleading, then the defendant **must** remove the action or be procedurally barred from removing the case."  *Banta*, 2011 WL 2837642, at *7.

      2.      <u>Defendant's Notice of Removal</u>

Plaintiff contends that Defendant could have removed the case within thirty days of receipt of the Complaint on the basis of punitive damages.  "Punitive damages may be considered in determining the amount in controversy if they are recoverable as a matter of state law." *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 1005, 1008 (C.D. Cal. 2011); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  Because  California state law permits the recovery of punitive damages in breach of contract claims, Cal. Civ. Code § 3294, the Court may consider them as an independent basis for establishing this Court's jurisdictional minimum.  It is of no consequence if the plaintiff does not allege a specific punitive damages figure in its complaint because the Court may consider awards in analogous cases as a basis for establishing the amount in controversy.  *Campbell*, 825 F. Supp. at 1008.

Here, the Complaint is silent as to the amount in controversy.  (Mot. 1.)  Nevertheless, in Defendant's Notice, Defendant asserted that "[t]he prayer for punitive damages is based on an alleged course of conduct from which one can infer the punitive damages claim alone exceeds $75,000."  (Notice of Removal ¶ 8.)  Defendant further contended that allegations of punitive damages "in and of themselves establish the amount in controversy exceeds $75,000." (Notice of Removal ¶ 8.)  Because Defendant has explicitly contended that the punitive damages alone

Case 2:12-cv-09884-SJO-E Document 30 Filed 01/01/13 Page 5 of 5 Page ID #:913

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 12-09884 SJO (Ex)   DATE: January 1, 2013

exceed $75,000, Defendant could have established a basis for removal within the first thirty days of this action.

In addition, this cause of action arises from Defendant's failure to indemnify Plaintiff pursuant to the terms of the Policy. On several occasions, Plaintiff demanded coverage for the settlement amount of the Cobra Action and provided the information necessary to receive indemnification. Based on these communications, Defendant could have established the amount in controversy when the Complaint was first filed. Thus, the Court finds that removal here was untimely.

### C. Attorney's Fees

Plaintiff also seeks to recover attorney's fees. Plaintiff first contends that attorney's fees should be awarded in this case on the basis of 28 U.S.C. § 1447(c). Section 1447 provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). While the Court does have discretion, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendant had an objectively reasonable basis for seeking removal. First, there is in fact diversity of citizenship and over $75,000 in controversy in this action. Second, because the four corners of the Complaint do not reveal an amount in controversy, Defendant's contention that removal is timely is objectively reasonable given the split in authority over the interpretation of *Harris*. Accordingly, the Court declines to award attorney's fees on this basis.

Plaintiff next contends that attorney's fees should be awarded on the basis of 28 U.S.C. § 1927. Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the . . . attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Plaintiff argues that Defendant multiplied the proceedings by unnecessarily removing the case, refusing to stipulate to remand, and rejecting Plaintiff's request to postpone Defendant's motion to dismiss until after the remand motion could be heard. (Mot. 7.) As discussed above, Defendant's removal was objectively reasonable and therefore not intended to multiply the proceedings. As such, the Court again declines to award attorney's fees.

### III. RULING

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion. The Court **REMANDS** this case to the Superior Court of California, County of Los Angeles. Plaintiff's request for attorney's fees is **DENIED**. Further, because the Court is remanding this action, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is **DENIED AS MOOT**.

IT IS SO ORDERED.